# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Michael Rossi,<br><br>    Defendant | Case No.: 2:16-cr-00262-JAD-PAL-2<br><br>**Order Denying Motion<br>for Compassionate Release**<br><br>[ECF No. 95] |

Michael Rossi is an inmate at Federal Prison Camp Pensacola in Florida who is three years into a five-year custodial sentence after pleading guilty to conspiracy to commit mail and wire fraud for his role in a telemarketing scheme that caused more than $2 million in losses to his victims.[1] He moves for compassionate release because his elderly mother is in poor health and his own health conditions put him at a higher risk of complications from COVID-19.[2] Because I find that Rossi did not properly exhaust his administrative remedies and that his asserted reasons for sentence modification are not extraordinary or compelling, I deny his motion.

## Discussion

Ordinarily, a district court cannot modify or reduce a sentence already imposed.[3] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, is an exception to that limitation.[4] An inmate may file a motion for compassionate

---

[1] ECF No. 48.

[2] ECF No. 95. Rossi also argues that the restitution order included in his signed plea agreement violates his due-process rights. ECF. No. 95 at 6. But his restitution claim is not relevant to a motion for compassionate release and cannot serve as a basis for the modification of a sentence under 18 U.S.C. § 3582(c)(1)(A).

[3] 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2020).

[4] The First Step Act of 2018, §603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

release only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]  Once the inmate shows administrative exhaustion, the sentencing judge may reduce his sentence after considering "the factors set forth in section 3553(a) to the extent they are applicable," if the court finds that "extraordinary and compelling reasons warrant such a reduction."[6]

**I.     Rossi has not shown that he exhausted the administrative process for compassionate release.**

To request compassionate release from the Bureau of Prisons, an inmate must first submit a request to the warden that complies with 28 C.F.R. § 571.61.  In addition to "the extraordinary or compelling circumstances that the inmate believes warrant consideration," he must also provide his "proposed release plans."[7]  The inmate must disclose "where [he] will reside, how [he] will support himself, and if the basis for the request involves [his] health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment."[8]  There are no exceptions to the administrative-exhaustion requirement; if the government challenges an inmate's exhaustion process, it must be enforced.[9]

---

[5] 18 U.S.C. § 3582(c)(1)(A).

[6] 18 U.S.C. § 3582(c)(1)(A)(i).

[7] 28 C.F.R. § 571.61(a)(2).

[8] *Id*.

[9] *Ross v. Blake*, 578 U.S. 632, 639 (2016) (holding that statutes that mandate exhaustion "establish mandatory exhaustion regimes," which "foreclos[e] judicial discretion"); *see also United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021) (a district court "must enforce the administrative[-]exhaustion requirement" because it "imposes a mandatory-claim processing rule" when properly invoked by the government).  Here, the government has invoked Rossi's failure to exhaust his administrative remedies.  ECF No. 97 at 6.

On September 29, 2021, Rossi sent an email to the warden requesting that the Bureau of Prisons move for compassionate release on his behalf.[10] In his message, Rossi raised several health conditions that he felt would qualify him for compassionate release given the ongoing pandemic—obesity, hypertension, and borderline diabetes mellitus.[11] He did not include any concerns about his elderly mother's health. Two months later, Rossi filed this motion for compassionate release, arguing he should be released from custody because of his own health conditions and his mother's health and age.[12]

I find that Rossi failed to properly exhaust the administrative process before filing his motion because he did not include all the required information in his message to the warden, such as where he would live if released or how he would pay for any medical treatment. But even if Rossi had properly exhausted the claim based on his own health, he couldn't have exhausted the claim involving his mother's health because he failed to present it to the warden.[13] Rossi's motion is based on the totality of his and his mother's health conditions, and this combined basis for relief was never presented to the warden. Rossi's failure to fully exhaust the administrative process merits the denial of his motion.

---

[10] ECF No. 95 at 8.

[11] *Id.* Rossi also alleges that he has eczema on his hands and feet, as well as undiagnosed breathing issues, which he hypothesizes may be caused by mold or allergies. ECF No. 95 at 8.

[12] ECF No. 95 at 4.

[13] *See Sims v. Apfel*, 530 U.S. 103, 108 (2000) (citing *Sears, Roebuck & Co. v. FTC*, 686 F.2d 385, 398 n. 26 (9th Cir. 1982)) (holding that when an administrative regulation imposes a requirement of issue exhaustion, courts "reviewing agency action regularly ensure against the bypassing of that requirement be refusing to consider unexhausted issues); *see also United States v. Baye*, 464 F. Supp. 3d 1178, 1185 (D. Nev. 2020) ("exhaustion under § 3582(c)(1)(A) requires a defendant to specify each extraordinary or compelling circumstance he intends to rely on in a motion for compassionate release").

**II.       Rossi has not presented extraordinary and compelling reasons for early release.**

Even if Rossi had exhausted the administrative process, I would deny his motion because he has not shown that his circumstances warrant compassionate release. Although the compassionate-release statute does not define "extraordinary and compelling circumstances" that merit a sentence reduction, the United States Sentencing Commission's examples of circumstances it finds to be extraordinary and compelling are instructive.[14] These include "terminal illness[, such as] end-stage organ disease,"[15] or the incapacitation of the inmate's spouse when he is the only available caregiver.[16]

I am sympathetic to Rossi's concern and worry about his mother, which is why I granted him a delayed self-surrender date to make living arrangements for her while he is in custody. Rossi presumably used the extension to do what he said he would, so the details of his mother's care have been arranged. The unfortunate reality is that many inmates worry about their aging parents, especially during a pandemic. But the universality of this experience means that it is, by definition, not extraordinary and compelling.

As to Rossi's own health, he raised these concerns to the warden 18 months into the pandemic,[17] and he only did so after refusing all three of the Food and Drug Administration

---

[14] U.S.S.G. 1B1.13(1)(A); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (Sentencing Commission's statements "may inform a district court's discretion . . . but they are not binding").

[15] U.S.S.G. 1B1.13(1)(A)(i).

[16] U.S.S.G. 1B1.13(1)(C).

[17] The World Health Organization declared COVID-19 a pandemic on March 11, 2020. *See WHO Director-General's opening remarks at the media briefing on COVID-19 – 11 March 2020*, WORLD HEALTH ORG., https://www.who.int/director-general/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020 (last accessed Feb. 8, 2022). Rossi sent his message to the warden on September 29, 2021. ECF No. 95 at 8.

approved vaccines.[18] By refusing vaccination, Rossi has undermined his argument that the potential effects of COVID-19 on his health present extraordinary and compelling circumstances. Rossi does not have a terminal illness, but he does have conditions that put him at greater risk should he contract COVID-19—risk that would be greatly ameliorated by his vaccination. To find Rossi's health conditions to be extraordinary and compelling at this juncture would reward his choice to increase the likelihood of severe illness to himself and others by refusing basic and universally available precautionary measures.

Rossi's motion is also untimely. The current phase of the pandemic is one in which the virus is circulating so widely that Rossi cannot reasonably expect to avoid coming into contact with COVID-19 outside of custody.[19] And scientific breakthroughs have provided greater therapeutics and treatments for COVID-19, which reduce the risk to Rossi's health while in custody even if he continues to refuse vaccination.[20] So I cannot conclude that Rossi's health conditions, even when considered in the undeniably grave face of the COVID-19 pandemic, provide extraordinary and compelling reasons for his release. So I deny Rossi's motion and don't even reach the § 3553(a) factors.[21]

---

[18] ECF No. 97 at 4; *see COVID-19 Vaccines Authorized for Emergency Use or FDA-Approved*, FOOD & DRUG ADMIN., https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/covid-19-vaccines#authorized-vaccines (last accessed Feb. 8, 2022).

[19] *See COVID Data Tracker*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://covid.cdc.gov/covid-data-tracker (last accessed Feb. 8, 2022).

[20] *See COVID-19 Treatments and Therapeutics*, DEP'T OF HEALTH & HUM. SERVS., https://www.hhs.gov/coronavirus/covid-19-treatments-therapeutics (last accessed Feb. 8, 2022).

[21] *See Keller*, 2 F.4th at 1284 (holding that "a district court that properly denies compassionate release need not evaluate each step").

**Conclusion**

IT IS THEREFORE ORDERED that defendant Michael Rossi's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [**ECF No. 95**] **is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
February 9, 2022